UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                        CIVIL ACTION

IN THE MATTER OF $26,000 IN U.S. CURRENCY          NO. 22-447-BAJ-EWD

**RULING AND ORDER**

Before the Court are several motions,[1] filed by Rodney Washington ("Washington"). Washington contests the forfeiture in rem of $26,000 seized by the United States. All motions filed by Washington will be stricken as improperly filed. The motions do not seek relief from the Court. Rather, the motions are requests for information related to the claims and defenses in the case. It is not permissible under the Federal Rules of Civil Procedure to file discovery requests or responses into the record unless they are used in the proceeding or the court orders filing.

I.     **BACKGROUND**

On July 6, 2022, the United States filed a Verified Complaint for Forfeiture In Rem against the defendant property, which is alleged to be "moneys furnished or intended to be furnished by any person in exchange for controlled substance, or proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 841 *et seq.*"[2] The United States alleges that the property was seized from a vehicle driven by Washington.[3]

The United States argues that Washington's motions should be denied because he lacks statutory standing because Washington did not file a valid claim in compliance with the

---

[1] "Motion Notice and Body and Dash Video release," (R. Doc. 10); "Motion Notice and 2nd Body and Dash Video release," (R. Doc. 11); "Motion Notice and Pritchess Motion," (R. Doc. 12); "Motion Notice and 2nd Pritchess Motion," (R. Doc. 13); "Motion Notice and Gleaming Discovery Motion," (R. Doc. 14); and "Motion Notice and Motion of Production and Discovery," (R. Doc. 15). The United States opposes the motions, and Washington has filed a reply memorandum. R. Docs. 16 & 17.
[2] R. Doc. 1.
[3] R. Doc. 1, ¶ 8.

1

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Alternatively, the United States argues that the motions should be denied because discovery is premature considering the parties have not held the conference required under Fed. R. Civ. Proc. 26(f). The issue of standing will not be decided as it was raised for the first time in the United States' opposition memorandum, and the United States is incorrect that discovery is premature. However, because discovery requests are not permitted to be filed into the record in civil proceedings unless they are used in the proceeding or the court orders filing, Washington's motions will be stricken as improperly filed.

## II.    LAW AND ANALYSIS

"The burden of establishing standing to contest forfeiture is on the claimant...."[4] A claimant must establish statutory standing, Article III standing, and prudential standing.[5] Article III standing is satisfied by the showing of "at least a *facially colorable interest* in the proceedings sufficient to satisfy the case-or-controversy requirement and the prudential considerations defining and limiting the role of the court.[6]" "This is consistent with our court's having previously held that only 'owners' have standing to contest a forfeiture, but that term should be broadly construed 'to include any person with a recognizable legal or equitable interest in the property seized.'"[7] Statutory standing is achieved by strictly complying with Supplemental Rule G.[8] Prudential standing

---

[4] *U.S. v. One 1998 Mercury Sable Vin: £1MEMF5OU4WA621967,* 122 Fed.Appx. 760, 762 (5th Cir. 2004).
[5] *See United States v. Two Hundred Tweinty-Three* [sic] *Thousand, Nine Hundred Sixty Dollars in United States Currency,* No. 16-119, 2016 WL 6821097, at *2 (M.D. La. Nov. 17, 2016). *See also United States v. $229,590.00 in U.S. Currency Seized from a Safe in the Home of Dallas County Com'r Price,* No. 12-893, 2012 WL 4354814, at *2 (N.D. Tex. Sept. 24, 2012) (noting, in the context of a claimant's request for a stay of forfeiture proceedings: "A claimant seeking a stay under § 981(g)(2) must have both Article III and statutory standing to contest the forfeiture.") (citations omitted).
[6] *One 1998 Mercury Sable,* 122 Fed.Appx. at 762-63, citing *Kadonsky v. United States,* 216 F.3d 499, 508 (5th Cir. 2000) (emphasis added) (other quotations omitted).
[7] *Id.* at 762, quoting *United States. v. $38,570 U.S. Currency,* 950 F.2d 1108, 1111-12 & n.4 (5th Cir. 1992).
[8] *$229,590.00 in U.S. Currency,* 2012 WL 4354814, at *2, citing *United States v. $12,126.00 in U.S. Currency,* 337 Fed.Appx. 818, 820 (11th Cir. 2009) (per curiam) (citations omitted) ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."). *See also United States v. $5,730.00 in U.S. Currency,* 109 Fed.Appx. 712, 713 (6th Cir. 2004).

presents "a merits question: who, according to the governing substantive law, is entitled to enforce the right?"[9]

The United States argues only that Washington does not have statutory standing.[10] Washington filed a Verified Answer to the United States' Complaint on August 26, 2022.[11] While there is no evidence that Washington filed a document titled a "claim," as required by the Supplemental Rules, courts do not generally rule on issues raised for the first time in opposition to a motion.[12] Additionally, the United States has not fully addressed whether Washington's "Verified Answer" meets the requirements of a claim,[13] nor has Washington had an opportunity to fully respond to the United States' arguments regarding standing.[14] Should the United States wish to challenge Washington's standing as a claimant, it has the ability under the Supplemental Rules to move to strike a claim or answer that does not comply with Rule G(5) or G(6) or because the claimant lacks standing, at any time before trial.[15] At that point, the issue of standing would be

---

[9] *Abraugh v. Altimus,* 26 F.4th 298, 304 (5th Cir. 2022) (explaining the difference between Article III and prudential standing and clarifying that a lack of prudential standing does not deprive the court of subject matter jurisdiction).
[10] R. Doc. 16, at § II.
[11] R. Doc. 9.
[12] *See, e.g., Corkern v. Hammond City*, No. 11-1828, 2013 WL 4434417, at n.2 (E.D. La. Aug. 14, 2013).
[13] While the United States makes a conclusory statement in its opposition memorandum that Washington "did not include the required claim information in his answer," (R. Doc. 16, pp. 4-5), the United States does not cite any legal authority or sufficiently explain why it believes the information contained in Washington's Verified Answer does not meet the requirements of the Supplemental Rules. Pursuant to Supplemental Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; and (C) be signed by the claimant under penalty of perjury. *See* R. Doc. 16-1, ¶ 4, citing Supplemental Rule G(5)(a). Rule G(5)(a) additionally requires that a claim be served on the United States' attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). Washington's Answer identifies the property claimed in requesting return of "the defendant property $26,000 in US currency" (R. Doc. 9, ¶ 15), identifies that Washington is the person making the claim with regard to the property and says that "when asked where my funds came from, I provided over $39,000 in legitimate income; $25,000.00 in Texas Workforce Commission Unemployment, $5,000.00 and $6,000.00 work invoices and a $3,000.00 loan from an accident attorney" (R. Doc. 9, ¶ 10), and is signed under penalty of perjury (R. Doc. 9-1). Washington's Answer was served on the United States' attorney through the Court's CM/ECF system.
[14] Washington briefly addressed the United States' statutory standing argument in his reply memorandum. *See* R. Doc. 17, pp. 1-3 (explaining his belief the information in his Answer complied with Supplemental Rule G(5), and why his Answer contains the required claim information). However, the standing question is not ripe for resolution as currently presented.
[15] Supplemental Rule G(8)(c)(i).

properly before the Court and Washington would have the opportunity to fully respond to the United States' arguments.

The United States is incorrect that discovery in this case is premature. While parties are not generally permitted to propound discovery before they have conducted the conference required under Fed. R. Civ. Proc. 26(f), that prohibition is suspended in cases that are exempt from the initial disclosure requirements of Fed. R. Civ. Proc. 26(a)(1)(B). Civil forfeiture actions, such as this one, are exempt from initial disclosures.[16] Additionally, Local Civil Rule 26(a)(4) provides that the requirement to conduct the Rule 26(f) conference does not apply in cases exempted from the requirements of a scheduling order under Local Civil Rule 16(a)(2), which rule excludes government collection and foreclosure cases. Accordingly, discovery is not premature in this case.

Although the United States has not established that discovery is premature, Washington's motions are not properly before the Court. Through these motions, Washington seeks body and dash camera footage from TFO Jesse Hale, Lt. Graham, and Cpl. Green; the personnel files for TFO Hale, Lt. Graham, and Cpl. Green; and information regarding any complaints for false positives by K-9s Grey or Jax; information and lab reports regarding "marijuana gleaming," as that term is used in the Complaint; and any information known to law enforcement prior to the traffic stop about the "substantial connection between the $26,000 in U.S. currency and a controlled substance." As a general matter, Fed. Rule Civ. Proc. 26(b)(1) permits a party to obtain discovery regarding any matter that is relevant to a claim or defense. However, under Fed. Rule Civ. Proc. 5(d)(1)(A), the following discovery requests and responses "**must not be filed** until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admissions." (emphasis

---

[16] Fed. R. Civ. Proc. 26(a)(1)(B)(ii).

added). Accordingly, the information sought by Washington may be requested through the normal discovery tools available under the Federal Rules of Civil Procedure, but such requests are not proper motions because they do not require court action, and discovery requests should not be filed into the record in this case unless related to some other motion (*e.g.*, a motion for summary judgment), or if the court orders filing.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall **STRIKE** the "Motion Notice and Body and Dash Video release," (R. Doc. 10); "Motion Notice and 2nd Body and Dash Video release," (R. Doc. 11); "Motion Notice and Pritchess Motion," (R. Doc. 12); "Motion Notice and 2nd Pritchess Motion," (R. Doc. 13); Motion Notice and Gleaming Discovery Motion," (R. Doc. 14); and "Motion Notice and Motion of Production and Discovery," (R. Doc. 15), filed by Rodney Washington. The Motions were not properly filed into the record under Fed. Rule Civ. Proc. 5(d)(1)(A) as they are discovery requests.

Signed in Baton Rouge, Louisiana, on December 9, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**