**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF | CIVIL ACTION NO. |
| **$24,000.00 IN U.S. CURRENCY** | **22-447-BAJ-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 8, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF | CIVIL ACTION NO. |
| $24,000.00 IN U.S. CURRENCY | 22-447-BAJ-EWD |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, The United States of America, brought this *in rem* action[1] for forfeiture of $24,000.00 in U.S. currency (the "Funds"), seized from Rodney Washington ("Washington"). The government filed a Motion to Strike Answer or Claim ("Motion to Strike"),[2] asking the Court to strike Washington's answer and claim. Washington did not timely respond to the Motion to Strike.[3] Because Washington knowingly failed to respond to the United States' special interrogatories, it is recommended that the Motion to Strike be granted and that Washington's Verified Answer of the Defendant[4] be stricken.

**I.    BACKGROUND**

The United States brought this civil forfeiture action on July 6, 2022, by filing a Verified Complaint for Forfeiture in Rem ("Complaint"), seeking the forfeiture of money seized on February 1, 2022, on Interstate 12 near the O'Neal Lane Exit in Baton Rouge, Louisiana, as proceeds traceable to controlled substances offenses.[5] The Complaint originally described the property to be seized as "$26,000 in U.S. currency."[6] However, on March 20, 2023, the United

---

[1] An *in rem* action is one to determine property rights.
[2] R. Doc. 25.
[3] Under Local Civil Rule 7(f), any opposition memorandum was due no later than twenty-one (21) days after the Motion to Strike was served. The Motion to Strike certifies that it was served by mail on Washington on September 18, 2023. R. Doc. 25, p. 2.
[4] R. Doc. 9.
[5] R. Doc. 1, ¶¶ 1-2.
[6] R. Doc. 1, ¶ 6.

States filed an Amended Verified Complaint for Forfeiture in Rem ("Amended Complaint"), that changed the amount of money seized to $24,000.[7]

According to government, the circumstances surrounding the seizure began when a Drug Enforcement Agency ("DEA") officer patrolling the interstate corridor observed a Honda CRV traveling at an unsafe distance from the tractor-trailer in front of it. The officer stopped the Honda CRV on the side of Interstate 12 and made contact with the vehicle's two occupants. Washington, who was driving, told the officer that he and his passenger were driving from South Carolina to Houston, as they had been assisting Washington's brother with a construction job in South Carolina. However, the officer did not notice any tools in the vehicle that suggested they were engaged in construction work. The officer did notice two small duffle bags, an ice chest, and a small tool bag that appeared to contain limited tools for a vehicle emergency. When asked, Washington denied that there was more than $10,000 in cash in the vehicle. When asked for verbal consent to search the vehicle, Washington declined.[8]

Two more officers arrived at the scene with certified narcotics detection K-9s. The two K-9s performed an exterior sniff of the Honda CRV, and both dogs positively alerted to the presence of a narcotic odor. After the positive alerts by the K-9s, the officers found: 1) a large amount of money wrapped in black plastic and hidden under the ice chest on the rear floorboard; 2) cash in a yellow envelope, which was inside a duffle bag in the rear cargo area of the vehicle; and 3) a baggie containing suspected marijuana gleanings on the back passenger seat. Washington stated that all the money in the vehicle belonged to him.[9]

---

[7] R. Doc. 22, ¶ 6.
[8] R. Doc. 22, ¶¶ 7-12.
[9] R. Doc. 22, ¶¶ 12-15.

2

On July 19, 2022, the United States sent direct notice of the Complaint to Washington by regular and certified mail. The notice explained to Washington that the deadline for filing a verified claim was August 26, 2022, and that, to comply Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(5)(a), the verified claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; and (C) be signed by the claimant under penalty of perjury. Washington was also told that an answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed within 21 days after the filing of the verified claim.[10]

On August 26, 2022, Washington, representing himself (pro se), filed a Verified Answer of the Defendant ("Answer") that, among other things, identifies the property claimed by requesting return of "the defendant property $26,000 in US currency,"[11] says that Washington is the person making the claim with regard to the property, and states that "when asked where my funds came from, I provided over $39,000 in legitimate income; $25,000.00 in Texas Workforce Commission Unemployment, $5,000.00 and $6,000.00 work invoices and a $3,000.00 loan from an accident attorney."[12] Washington also verified the Answer under penalty of perjury.[13]

On January 9, 2023, the United States sent its First Set of Special Interrogatories to Putative Claimant Rodney Washington ("First Set of Special Interrogatories") under Supplemental Rule G(6)(b). Washington was told that the responses to the interrogatories were due within 21 days of service.[14] After the deadline for responding to the special interrogatories, Washington filed a

---

[10] R. Doc. 25-2. *See also* Supp. Rule G(5)(a)(i)(A)-(C). The notice was sent to the same address Washington used on his letter to the Court, dated April 17, 2023. Compare R. Doc. 25-2, p. 1 and R. Doc. 23, p. 1.
[11] R. Doc. 9, ¶ 15.
[12] R. Doc. 9, ¶ 10.
[13] R. Doc. 9-1.
[14] R. Doc. 25-3.

3

document into the record on April 17, 2023, stating that the special interrogatories were "too complex and confusing." Washington went on to say that if the United States sent him questions with "yes or no answers, with one question per interrogatation [sic][15] then I might be able to answer them."[16] On May 5, 2023, the United States sent Washington a Second Set of Special Interrogatories to Putative Claimant Rodney Washington ("Second Set of Special Interrogatories"). The Second Set of Special Interrogatories included some yes-or-no questions, shortened the questions, and separated some questions into subparts.[17] Washington did not respond to the Second Set of Special Interrogatories. The United States filed the pending Motion to Strike on September 18, 2023.[18] Washington has taken no action in the case since asking for less confusing interrogatories on April 17, 2023.

## II. LAW AND ANALYSIS

### A. Legal Standards

21 U.S.C. § 881(a) provides that certain property is "subject to forfeiture to the United States." Under Section 811(a)(6), "moneys … furnished or intended to be furnished by any person in exchange for a controlled substance" and "all proceeds traceable to such an exchange" are subject to forfeiture. When the property has been seized, it is "deemed to be in the custody of the Attorney General."[19] The Attorney General may then request criminal forfeiture, 18 U.S.C. § 982, or civil forfeiture, 18 U.S.C. § 983.[20]

---

[15] When used in brackets after a copied or quoted word that may have been used incorrectly, "sic" means that the word is quoted exactly as it was originally written.
[16] R. Doc. 23.
[17] R. Doc. 25-8.
[18] R. Doc. 25.
[19] 21 U.S.C. § 881(c).
[20] *United States v. Approximately $10,000.00 in U.S. Currency*, No. 11-1845, 2013 WL 5314890, at *3 (E.D. Cal. 2013).

To start a civil forfeiture suit, the United States files an *in rem* complaint against the property in the appropriate district court.[21] Any person who wants to intervene and assert an interest in the property must file two responsive pleadings: (1) a verified claim; and (2) an answer.[22] The verified claim must "identify the specific property claimed," (2) "identify the claimant and state the claimant's interest in the property," (3) be signed by the claimant under penalty of perjury," and (4) be served on the government's attorney.[23]

Supplemental Rule G(6)(a) allows the government to serve special interrogatories limited to the claimant's identity and relationship to the defendant property.[24] The purpose of the rule is to permit the government to gather information that bears on the claimant's standing after a claim is filed.[25] The claimant must respond to the special interrogatories within 21 days.[26]

At any time before trial, the government may move to strike the claimant's claim or answer on the ground that the claim or answer does not comply with Supplemental Rule G(5), that the claimant has not responded to the special interrogatories issued under Rule G(6), or that the claimant lacks standing.[27]

### B. Any Claim and the Verified Answer by Rodney Washington Should Be Stricken from the Record Under Supplemental Rule G(6)

The United States' Motion to Strike asks for the following relief: (1) to have Washington's Answer stricken for failure to file a claim, as required by Supplemental Rule G(5)(a); (2) to have Washington's Answer stricken because it does not meet the requirements for a valid answer under

---

[21] *Id*. at *4, citing 28 U.S.C. § 1355(a).  *See also* 18 U.S.C. § 983.
[22] *Id*., citing 18 U.S.C. § 983(a)(4)(A), (B) & Supp. Rule G(5).
[23] *Id.*, citing Supp. Rule G(5)(a)(i).
[24] *Id.*, citing Supp. Rule G(6)(a).
[25] *Id.*, citing Supp. Rule G advisory committee's note (subdivision (6)).
[26] *Id*., citing Supp. Rule G(1).
[27] *Id*., citing Supp. Rule G(8)(c).

Supplemental Rule G(5)(b); (3) to strike Washington's claim (if it is considered valid) for failure to answer special interrogatories, pursuant to Supplemental Rule G(6); or (4) to compel Washington to answer special interrogatories if he is considered to have filed a valid claim and answer, and the claim is not otherwise stricken.[28] Because the Washington's claim is subject to being stricken for failure to answer the special interrogatories (issue 3), the other arguments raised by the United States are not addressed.

Here, Washington timely placed the Court and the United States on notice that he was claiming an interest in the property by filing his Verified Answer before the claim-filing deadline. Based on this filing, Washington at least arguably satisfied the "claim" requirement of Supplemental Rule G(5)(a).[29] However, Washington unquestionably failed to comply with Supplemental Rule G(6), which requires a claimant to provide answers or objections to special interrogatories served by the government within 21 days of service.

The First Set of Special Interrogatories to Washington was sent on January 9, 2023, and served on January 14, 2023.[30] After Washington did not timely respond, the United States sent

---

[28] R. Doc. 25.
[29] The cases cited by the United States to suggest that Washington's Verified Answer cannot be a valid "claim" under Supplemental Rule G(5)(a), are distinguishable on the facts. For instance, in *United States v. U.S. Currency*, the court found that, even if the claimant's answer could be considered a claim, striking the answer was warranted because the claimant's answer was not verified. No. 20-1295, 2021 WL 1099588, at *3 (W.D. La. March 19, 2021). The court in *United States v. $20,000 in United States Currency* found that the claimants' answers did not satisfy all the requirements for verified claims and gave the claimants a limited time to fix the deficiencies in their pleadings. 350 F.Supp.3d 1148 (D.N.M. 2018).
[30] R. Docs. 25-3 & 25-4, p. 1. The First Set of Special Interrogatories included questions like the following:
**Special Interrogatory No. 1**
State your current and all prior names, including aliases or nicknames, dates and places of birth, Social Security numbers, current address, and all addresses for the last five (5) years. For each address, please list the inclusive months and years you or your spouse lived at each address.
**Special Interrogatory No. 10**
In your answer dated August 26, 2022, you state under penalty of perjury that a portion of the Defendant Currency was from a $3,000 loan from an accident attorney. Please advise the name, address, and telephone number of this attorney and/or the attorney's office. Please advise where these loan funds were deposited. Please also advise when this loan was made to you and if this loan was ever repaid and, if so, when. If this

another copy of the special interrogatories to Washington on March 21, 2023, with a letter explaining to Washington that the responses were due on February 6, 2023, but the United States would extend the deadline for Washington to respond to April 14, 2023.[31] On April 17, 2023, Washington filed a document into the court record stating that "the interrogatories are too complex and confusing" and that he was unable to find anyone "to help me give the under oath testimony." He asked that the United States send interrogatories with "yes or no answers, with one question per interrogation [sic] then I might be able to answer them."[32] In response, the United States sent its Second Set of Special Interrogatories on May 5, 2023, which included some "yes or no" answer choices[33] and separated the longer questions into distinct subparts.[34] The Second Set of Special Interrogatories was served on May 10, 2023.[35] Washington never responded to the First or Second Set of Special Interrogatories, in violation of Supplemental Rule G(6)(6).

Supplemental Rule G(8)(c) allows the government to move to strike a claim at any time before trial if the claimant fails to timely respond to the special interrogatories.[36] A claim may be

---

        loan was not repaid, did you or did you not claim this $3,000 on your tax return(s) and identify by tax year and tax form all income tax returns for the period(s) when you claimed these funds as income for which you claim were at least a portion of the Defendant Currency.

[31] R. Docs. 25-5 & 25-6. The second copy of the First Set of Interrogatories with attached correspondence was served on March 28, 2023. R. Doc. 25-7.
[32] R. Doc. 23, p. 1.
[33] R. Doc. 25-8, p. 5, Special Interrogatory No. 13.
[34] R. Doc. 25-8. *See, e.g.,* Special Interrogatory Numbers 3, 5, 6,7, 8, 12. Examples of the questions contained in the Second Set of Special Interrogatories include the following:
    **Special Interrogatory No. 1**
    Please list your current and all prior names, including aliases or nicknames, dates and places of birth, current address, and all addresses from January 2020 to the present.
    **Special Interrogatory No. 8**
    In your answer dated August 26, 2022, you state under penalty of perjury that a portion of the $24,000 in cash seized was from a $3,000 loan from an accident attorney. Please list:
    a. The name, address, and telephone number of this attorney and/or the attorney's office,
    b. Please advise where this $3,000 was deposited, and
    c. Please list the date this loan was made to you and if this loan was ever repaid if, if so, when.
[35] R. Doc. 25-9.
[36] *United States v. $15,000.00 in U.S. Currency*, No. 11-97, 2012 WL 3000649, at *2 (S.D. Miss. 2012) (internal quotations omitted).

7

stricken for failure to comply with Supplemental Rule G(6) if the claimant has reason to know of, and violates, the Supplemental Rule G(6) special interrogatory obligations.[37]  Supplemental Rule G(6) imposes non-ambiguous obligations to answer or object to special interrogatories about "the claimant's identity and relationship to the defendant property.[38]  A claimant's who fails to respond at all to special interrogatories obviously violates Rule G(6).[39]

The First and Second Set of Special Interrogatories served on Washington were properly limited in scope to questions relating to Washington's identity and relationship to the Funds.  The record indicates that Washington's violation was a knowing one, given the evidence that he was served with the First Set of Special Interrogatories (twice); he acknowledged receipt of the First Set of Special Interrogatories by virtue of his April 17, 2023 filing; and he was served with the Second Set of Special Interrogatories on May 10, 2023.[40]  Yet even after the United States sent the simplified Second Set of Special Interrogatories addressing Washington's concerns, Washington failed to serve *any* answers or objections to the discovery.

While another district court within the Fifth Circuit has declined to strike a claim under Supplemental Rule G(6), the facts of those cases are distinguishable.  In *United States. v. $45,000.00 in U.S. Currency*,[41] the court declined to strike a claim where the special interrogatory responses were served shortly after the government filed the motion to strike and the government did not object to the adequacy of the responses.  That court found that the untimely responses did not prejudice the United States.  Similarly, in *United States v. $76,402.00 U.S. Currency*, the court

---

[37] *United States v. $34,918*, 70 F.4th 1058, 1062 (8th Cir. 2023).
[38] *Id*.
[39] *Id.*, citing *United States v. 2008 33' Contender Model Tournament Vessel*, 990 F.3d 725, 726 (1st Cir. 2021); *United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity County*, 787 F.3d 968, 971 (9th Cir. 2015).
[40] R. Docs. 25-4, 25-7, 25-9, & 23.
[41] No. 12-181, 2013 WL 4432177, at *1 (S.D. Miss. Aug. 14, 2013).

rejected the government's attempt to strike a claim because the claimant submitted incomplete interrogatory answers.[42]

In contrast, Washington never responded to the government's special interrogatories in this case, even after the government voluntarily simplified the interrogatories because Washington said they were too hard to understand. It has now been over a year since Washington was served with the Second Set of Special Interrogatories and over a year since he took any action in this litigation. Additionally, Washington did not respond to the Motion to Strike which contains a certificate that he was served with the Motion to Strike and supporting memorandum on September 18, 2023.[43] Based on this record, the United States' Motion to Strike should be granted and Washington's Verified Answer stricken for failure to comply with Supplemental Rule G(6).[44]

### III. CONCLUSION

Because Rodney Washington knowingly failed to respond to the United States' special interrogatories, **IT IS RECOMMENDED** that the United States' Motion to Strike Answer or Claim[45] be **GRANTED,** and that any claim, as well as the Verified Answer of the Defendant,[46] filed by Rodney Washington, be **STRICKEN** from the record.

Signed in Baton Rouge, Louisiana, on August 8, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[42] No. 22-404, 2023 WL 4053417, at *5 (S.D. Miss. June 16, 2023).
[43] R. Doc. 25, p. 2.
[44] *See $15,000*, 2012 WL 3000649, at *2 (striking the verified claim and answer for failure to respond to the First Set of Special Interrogatories served by the United States). *See also, $10,000*, 2013 WL 5314890, at *5 (striking the claim and answer because the claimant failed to respond to plaintiff's discovery and evidenced an intent to abandon his claim); *United Sates v. $16,900.00 in U.S. Currency*, No. 22-1956, 2023 WL 6221439, at *8 (N.D. Tex. Sept. 22, 2023), (striking the claimant's answer for failure to file a timely claim and failure to answer the government's special interrogatories).
[45] R. Doc. 25.
[46] R. Doc. 9.

9